UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox, #75206, | ) C/A No. 3:12-591-TMC-JRM |
| Plaintiff, | ) |
| v. | ) |
| U.S. Attorney General; | ) Report and Recommendation |
| Solicitor General; | ) |
| President of the U.S. of A., | ) |
| Defendants. | ) |

Paul Leslie Cox ("Plaintiff"), *pro se*, brings this action alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Lieber Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed as frivolous.[1]

Pro Se and *In Forma Pauperis* Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district

---

[1] Plaintiff has filed three (3) prior cases in this Court, which have been deemed "strikes" pursuant to 28 U.S.C. § 1915(g). *See Paul Leslie Cox v. Geraldine P. Miro, et al.*, Civil Action No. 3:97-3501-06BC (D.S.C.); *Paul Leslie Cox v. Geraldine P. Miro*, Civil Action No. 3:97-2177-06BC (D.S.C.); *Paul Leslie Cox v. Geraldine P. Miro, et al.*, Civil Action No. 3:97-1941-06BC (D.S.C.). However, since the imposition of Plaintiff's "strikes," the United States Court of Appeals for the Fourth Circuit has held that dismissal without prejudice for failure to state a claim does not count as a strike under 28 U.S.C. § 1915(g). *See McLean v. United States of America*, 566 F.3d 391 (4th Cir. 2009). While none of the strikes issued against Plaintiff in 1997 are expressly based on failure to state a claim, each of the cases was dismissed without prejudice. Therefore, the three strikes rule will not be used as a basis for summary dismissal of this Complaint.

court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Factual and Procedural Background

Plaintiff indicates that he is challenging an "Act of the 39th Congress on July 28, 1868, which placed into law the Federal Anti Peonage Act." ECF No. 1, page 3. Plaintiff alleges that "[u]nder this law no time bar statute of limitations or a three strike law which is a statute of limitations can hold a person in peonage (involuntary servitude)." *Id.* Plaintiff further alleges that he is being held

2

as a legal slave pursuant to an illegal conviction. *Id.* at 4. Thus, Plaintiff refers to the case as both an action brought pursuant to 42 U.S.C. § 1983 and a "writ of habeas corpus." *Id.* at 4, 14. Plaintiff seeks an evidentiary hearing to rule on the Anti-Terrorism Act and "the Slavery Act of the 13th U.S.C.A." *Id.* at 14.

## Discussion

Plaintiff is bringing suit against two federal prosecutors and the President of the United States. As such, his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("[T]he court shall refer interchangeably to cases decided under both § 1983 and *Bivens*.").

A *Bivens* claim is available only against government officers in their individual capacities. *See FDIC v. Meyer*, 510 U.S. 471, 484-87 (1994). In the instant action, Plaintiff provides no facts alleging that the United States Attorney General, Solicitor General, or President of the United States acted personally in the deprivation of Plaintiff's constitutional rights. The Complaint's general claims, absent any personal allegations against the Defendants, are insufficient to state an individual capacity claim under § 1983/*Bivens*. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)(it must

3

be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights")(citation omitted). Therefore, the United States Attorney, Solicitor General, and United States President[2] are entitled to summary dismissal from this action.

In any event, the claims presented in the Complaint lack merit. Plaintiff alleges that he is currently confined pursuant to an illegal sentence, ECF No. 1, page 4, and attempts to assert grounds for habeas relief in the body of this civil rights action. However, a suit brought pursuant to 28 U.S.C. § 2254 is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). As Plaintiff cannot challenge his current conviction and/or sentence under § 1983/*Bivens*, these claims are subject to summary dismissal. Further, to the extent Plaintiff alleges a violation of his Thirteenth Amendment rights, this claim likewise fails. The Thirteenth Amendment to the United States Constitution states: "Neither slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted*, shall exist within the Unites States or any place subject to their jurisdiction." U.S. Const. amend. XIII (emphasis added). As the Thirteenth Amendment, by its plain language, does not apply to a convicted criminal, Plaintiff's claim of involuntary servitude is subject to summary dismissal as frivolous. *See Newell v. Davis*, 563 F.2d 123, 124 n.1 (4th Cir. 1977)(stating claim by prisoner under the Thirteenth Amendment was "obviously without merit"); *McLaughlin v. Royster*, 346 F. Supp. 297, 311 (D.C.Va. 1972)("Prisoners validly convicted may be forced to perform work, whether or not compensated.").

---

[2]The President of the United States should also be summarily dismissed from this suit because he is protected by absolute immunity. *See Harlow v. Fitzgerald*, 457 U.S. at 807; *see also Hafer v. Melo*, 502 U.S. 21, 29 (1991).

Recommendation

Accordingly, the undersigned recommends that the Complaint in the above-captioned case be dismissed *with* prejudice. As Plaintiff's claims are frivolous and substantively meritless, it is also recommended that this dismissal be deemed a "strike" under 28 U.S.C. § 1915(g).

April 10, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

*Plaintiff's attention is directed to the important Notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).