IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Paul Leslie Cox,   #75206,         )<br>                                                 )<br>               Plaintiff,        )<br>                                                 )<br>v.                                          )<br>                                                 )<br>                                                 )<br>U.S. Attorney General;            )<br>Solicitor General;                    )<br>President of the U.S. of A.,     )<br>                                                 )<br>               Defendants.    )<br>_____) | C/A No. 3:12-591-TMC<br><br>**ORDER** |

Plaintiff, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the Report and Recommendation of the United States Magistrate Judge Joseph R. McCrorey made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation. (Dkt. # 8 at 6). However, Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting

the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (Dkt. # 8) and incorporates it herein. It is therefore **ORDERED** that the Complaint is **DISMISSED** with prejudice for frivolousness, and this dismissal is deemed a "strike" under 28 U.S.C. § 1915(g). *See McLean v. United States of America*, 566 F3d. 391, 399-400 (4th Cir. 2009) (noting that a dismissal for frivolousness that is rendered without prejudice may permit a strike designation).

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Greenville, South Carolina  
May 3, 2012